IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dexter Lamont Crawford,  #231730, ) | Civil Action No. 3:12-661-TLW-JRM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Willie Eagleton, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, Dexter Lamont Crawford ("Crawford"), is an inmate with the South Carolina Department of Corrections serving a sentence of eighteen years imprisonment for two counts of voluntary manslaughter. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 1, 2012.[1] Respondent filed a return and motion for summary judgment on August 1, 2012. Because Crawford is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on August 2, 2012 explaining to him his responsibility to respond to the motion for summary judgment. Crawford filed his response to Respondent's motion on October 12, 2012.

**Background and Procedural History**

On or about May 27, 2004, Crawford and his co-defendant were involved in a drug deal in Florence County that took a wrong turn. The two individuals who were to sell the drugs to Crawford and his co-defendant were shot and killed. Crawford and his co-defendant were charged with two counts of murder. Crawford was represented by John De Berry, Esquire.

---

[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988).

A jury was selected and the trial commenced. After four days of testimony, the State rested its case. On April 20, 2006, Crawford pled guilty to two counts of voluntary manslaughter and was sentenced to eighteen years (concurrent) on each count.[2]

A direct appeal was filed by way of an <u>Anders</u>[3] brief submitted by the South Carolina Commission on Indigent Defense raising the following issue:

> Whether appellant's guilty plea should be vacated since it was an impermissible conditional plea because the judge told appellant he could appeal the results of his guilty plea if he was not satisfied with any action taken by the judge during the plea, since this was wholly inconsistent with South Carolina law that a guilty plea must be unconditional without any reservations of rights or issues?

Crawford did not file a *pro se* brief which is allowed under state procedure. The conviction was affirmed by the South Carolina Court of Appeals. *See* <u>State v. Crawford</u>, Unpub.Op.No. 2008-UP-228 (S.C.Ct.App. filed April 11, 2008).

Crawford filed a *pro se* motion for an extension of time in which to petition for a rehearing under the South Carolina Appellate Court Rules. The motion was granted giving Crawford an additional fifteen days to seek a rehearing. Crawford then filed a motion to hold the appeal process in abeyance. The motion was denied by order of June 20, 2008. It does not appear that a motion for rehearing was ever filed and Crawford did not seek further review by the South Carolina Supreme Court. The Remittitur was returned by the South Carolina Court of Appeals on June 23, 2008.

Crawford filed an application for post-conviction relief ("PCR") on August 20, 2008. An evidentiary hearing was held on September 8, 2009. Crawford was represented by Charles T.

---

[2]Apparently because the trial ended in guilty pleas, a transcript of the trial portion of the proceedings was not transcribed. A transcript of the guilty plea is attached to the appendix filed in connection with the appeal from the denial of Crawford's application for post-conviction relief.

[3]<u>Anders v. California</u>, 386 U.S. 738 (1967).

Brooks, III, Esquire. Crawford and trial counsel testified. The PCR court issued an order denying relief and dismissing the PCR on October 5, 2009.

An appeal was filed by the South Carolina Commission on Indigent Defense through a Johnson[4] petition for writ of certiorari raising the following issue:

> Trial counsel erred in failing to meet and consult sufficiently with petitioner prior to the commencement of his trial court proceeding.

Crawford did not file a *pro se* brief. The South Carolina Supreme Court denied the petition for writ of certiorari on April 21, 2011. The Remittitur was returned on May 12, 2011.

### Grounds for Relief

In his present petition, Crawford asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:** Petitioner's guilty plea was an impermissible conditional plea that was given unintelligently.

> Supporting facts: At tr. pg. 11, 2-5, the judge told petitioner he had the right to appeal "any decisions I might make here today within ten (10) days." Petitioner was forced to go ahead with a trial with Court appointed counsel who during a two (2) year period did not consult with petitioner about his case, make discovery materials available, did not investigate petitioner's claims, present a defense, call any witnesses that petitioner requested to be presented and denied his knowledge of co-defendant's plea agreement.

**Ground Two:** Ineffective assistance of trial counsel and trial judge abuse of discretion in violation of the State, Federal & U.S. Constitution.

> Supporting facts: In pre-trial matters Petitioner requested a Continuance due to counsel's lack of knowledge of the case, no investigation, not meeting with Petitioner, Discovery review, no defense strategy, and not having interviewed witnesses as well as potential witnesses. Investigator Frank White had informed Petitioner that he had

---

[4]Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

turned over all his investigation material to Hank Anderson, Esq. Trial judge refused Petitioner's continuance request and disregarded this information and told Petitioner that he could not choose attorneys and had to begin trial with or without counsel.

**Ground Three:**      Petitioner asserts his actual innocence

Supporting facts: At Petitioner's trial the only evidence to link any connection was through co-defendant's testimony. Plea agreement of co-defendant was never disclosed but co-defendant is not in prison. There was other evidence that implicated another person as the perpetrator of the crime.

**Ground Four:**      Petitioner asserts that trial court lacked subject matter jurisdiction.

Supporting facts: Petitioner's indictments were defective from the issuance. In the Indictment Petitioner is made the principle but two persons are named as the perpetrator in the one Indictment. The Indictments were also issued in excess of ninety (90) days as required by S.C. Law with no extension being filed by the Solicitor on file with the Court as required.

## Discussion

A. <u>Anti-Terrorism and Effective Death Penalty Act ("AEDPA") Statute of Limitations</u>

Respondents assert that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
>        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the Petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate

review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999), *cert. denied* 528 U.S. 1197 (2000). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (quoting Carey v. Saffold, 536 U.S. 214, 236 (2002)).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

Crawford's conviction became final with the return of the Remittitur on June 23, 2008.[5] Crawford filed his PCR on August 20, 2008. At that time 57 days of untolled time had lapsed. The statute of limitations was tolled until May 12, 2011, when the Remittitur was returned by the South Carolina Supreme Court following denial of the petition for writ of certiorari relating to the denial of the PCR. Crawford's present petition is dated March 1, 2012 and the envelope in which it was

---

[5]Respondent argues that the conviction became final on June 6, 2008, after Crawford failed to file a timely petition for rehearing. Respondent cites Gonzalez v. Thaler, __ U.S. __, 132 S.Ct. 641 (2012) which held that a judgment of conviction becomes final on the date that time expires to seek review from a State intermediate appellate court to the State's highest court. The undersigned is using the later date to give Crawford the benefit of the doubt.

received by this Court is post-marked that date. Therefore, the present petition was "filed" for statute of limitations purposes on March 1, 2012. An additional 323 days of untolled time lapsed during this period. Under this analysis, giving Crawford the benefit of all doubt, a total of 380 days of untolled time lapsed resulting in the present petition being untimely filed.

Crawford appears to argue that he is entitled to equitable tolling because he was transferred from one SCDC institution to another in October of 2011 which resulted in his not having access to his legal materials for a period of two months. (Roseboro Responses, pp. 2-3). However, even if his argument is accepted as true, it is insufficient to invoke the doctrine of equitable tolling under the principles discussed above.

### B. Procedural Default

Respondent argues that a number of Crawford's claims were defaulted in the state process, and therefore, are barred from consideration in this Court.

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

#### 1. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

7

    (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

        (A)  the applicant has exhausted the remedies available in the courts of the State; or

        (B)(i)  there is either an absence of available State corrective process; or

        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

    (2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

    (3)  A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

    (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. *See* O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. *See* SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue is by filing an application for post-conviction relief ("PCR"). See S.C. Code Ann. § 17-27-10 *et seq.* A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45. A PCR applicant is also required to state all of his grounds for relief in his application. *See*, S. C. Code Ann. § 17-27-90. A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal. Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. The South Carolina Supreme Court will only consider claims specifically addressed by the PCR court. If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (2007). In Bostic v. Stevenson, 589 F.3d 160, 162-65 (4th Cir. 2009), the Fourth Circuit held that, prior to the decision of the South Carolina Supreme Court in Marlar, that South Carolina courts had not consistently enforced a procedural bar based on the PCR applicant's failure to file a motion pursuant to Rule 59(e). Therefore, for matters in which the PCR court ruled prior to Marlar (i.e., November 5, 2007), this Court should not consider the failure of the applicant to file a Rule 59(e) motion to obtain a ruling on a properly raised issue as a procedural bar.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[6] Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim], the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted). If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. *See* Rose v. Lundy, *supra*.

### 2.     Procedural Bypass[7]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of

---

[6]In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

[7]This concept is sometimes referred to as procedural bar or procedural default. If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, *supra*, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); *see also* Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. *See* Murray v. Carrier, 477 U.S. 478, 496 (1986).

11

### 3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4. Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocence.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty

of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), *cert. denied*, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), *cert. denied*, 485 U.S. 1000 (1988). Because a petitioner has no constitutional right to counsel in connection with a PCR application and/or an appeal from the denial thereof, he cannot establish cause for procedural default of a claim by showing that PCR counsel was ineffective. Wise v. Williams, 982 F.2d 142, 145 (4th Cir. 1992) *cert. denied*, 508 U.S. 964 (1993). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocence as to his guilt, *Id.*, or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

### 5.   Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and

prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996).

The only issues raised in the South Carolina appellate courts were contained in the Anders brief and Johnson petition: (1) conditional guilty plea; and (2) ineffective assistance of counsel for insufficient consultation prior to trial (respectively). These issues are listed in the present petition as Grounds 1 and 2, if liberally construed.

C. Conditional Guilty Plea

During the guilty plea, the judge advised Crawford, "...you understand that you got ten days to appeal any decisions I might make here today?" On direct appeal and in his present petition, Crawford argues that the Court's statement amounted to a conditional guilty plea in violation of South Carolina law.

Respondent asserts that these claims are not cognizable because they involve issues of state law which should not be considered by a federal court. "Under 28 U.S.C. § 2241, a federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37 (1984). The statute specifies that a prisoner is entitled to a writ of habeas corpus when he is in custody "in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241.

The Supreme Court reaffirmed this understanding of § 2241 in the case of Lewis v. Jeffers, 497 U.S. 764 (1990). "Because federal habeas corpus relief does not lie for errors of state law . . ., federal habeas review of a state court's application of [state law] is limited." In Estelle v. McGuire, 502 U.S. 62 (1991), the Court reiterated,

> [W]e reemphasize that it is not the province of a federal habeas court
> to reexamine state court determinations on state law questions. In

> conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id. (Citations omitted).

Unless the petitioner can point to a specific constitutional protection which was denied him, or show that the error in state law substantially impaired his trial's fairness or resulted in a complete miscarriage of justice, he may not obtain relief, Chance v. Garrison, 537 F.2d 1212 (4th Cir. 1976), citing Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960).

A conditional guilty plea does not violate the Constitution. Indeed, the Federal Rules of Criminal Procedure specifically authorize federal courts to accept them. *See* Rule 11(a)(2), Fed.R.Crim.P. Since Crawford has not stated a constitutional violation, he is not entitled to relief on this claim.

D. Ineffective Assistance of Counsel

In the Johnson petition, Crawford asserted that "(t)rial counsel erred in failing to meet and consult sufficiently with petitioner prior to the commencement of his trial court proceeding." Ineffective assistance of counsel was raised in the PCR application and rejected by the PCR court.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Crawford asserts that his trial counsel lacked knowledge of the case, did no pretrial investigation, failed to meet with him, had no trial strategy, and did not meet with witnesses. Contrary to these allegations the PCR court found as fact that "(t)rial counsel met with Applicant and discussed the charge and potential punishment he was facing. Trial counsel prepared for trial and actually tried a significant portion of the case before Applicant voluntarily elected to enter a plea to a lesser offense." (Order, p. 6).

Crawford has not shown that the South Carolina courts misapplied the Strickland standard.

## Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

January 24, 2013

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).