IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DEXTER LAMONT CRAWFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-00661-TLW |
| ) | |
| WILLIE EAGLETON, Warden ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

# ORDER

Petitioner Dexter Lamont Crawford filed this pro se petition for a writ of habeas corpus, seeking relief pursuant to 28 U.S.C. § 2254, on March 15, 2012. (Doc. #1). Respondent filed a motion for summary judgment on August 1, 2012 (Doc. #18), to which Petitioner filed a response in opposition on October 12, 2012 (Doc. #27). This matter previously came before this Court for review of the Report and Recommendation (the "Report") filed by United States Magistrate Judge Joseph R. McCrorey, to whom this case was previously assigned. (Doc. #29). In the Report, the Magistrate Judge recommended that the Court grant Respondent's Motion for Summary Judgment and deny the petition for writ of habeas corpus. Id. Petitioner's objections to the Report were due by February 11, 2013. After careful consideration, the Court entered an Order adopting the Report on February 28, 2013, granting summary judgment in favor of Respondent and denying the § 2254 petition. (Doc. #32).

The Court subsequently granted Petitioner three extensions of time in which to file objections to the Report. (See Doc. #36, 41, 46). On December 11, 2014, Petitioner filed his objections. (Doc. #48). The objections relate to Petitioner's claim that the South Carolina Department of Corrections has illegally confiscated his legal materials, thereby denying him

access to the courts and violating his first amendment rights.  See id.  Petitioner does not directly address the Magistrate Judge's recommendation that the Court grant Respondent's motion for summary judgment.  The Court has now carefully reviewed the Report, its Order adopting the Report, and the parties' filings in light of Petitioner's objections.  In conducting this review, the Court has applied the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

After careful review in accordance with this standard, the Court hereby **OVERRULES** Petitioner's objections.  (Doc. #48).  The Court affirms its previous order adopting the Report, granting Respondent's motion for summary judgment, denying the § 2254 petition, and declining to issue a certificate of appealability.  (Doc. #32).

**IT IS SO ORDERED.**

<u>s/ Terry L. Wooten</u><br>
Terry L. Wooten<br>
Chief United States District Judge

December 15, 2014
Columbia, South Carolina